■ ELIZABETH R. ELLIS, as Executrix of ROBERT H. ELLIS, Deceased, Respondent, v. BOARD OF EDUCATION OF THE ITHACA CITY SCHOOL DISTRICT OF THE CITY OF ITHACA, Appellant.— Appeal from an order of the Supreme Court at Special Term, entered April 1, 1974 in Tompkins County, which denied defendant's motion for an order dismissing the action herein pursuant to CPLR 3012 (subd. [b]). On April 19, 1971, Robert H. Ellis was electrocuted while employed by a subcontractor in the construction of a junior high school in the City of Ithaca. Letters testamentary were issued to plaintiff on June 15, 1971 and, on July 14, 1971, a notice of claim was filed with defendant, Board of Education of the Ithaca City School District of the City of Ithaca. On January 29, 1972, a summons was served upon defendant allegedly by service upon the then president and a member of the Board of Education, Ari Van Tienhoven, by an Under-Sheriff of Tompkins County. Thereafter, plaintiff's attorney was advised that an inquiry had been made of the Under-Sheriff as to the identity of the person served. A notice of appearance was received by plaintiff's attorney on March 22, 1972 containing a demand for a copy of the complaint. On July 14, 1972, plaintiff served a second summons upon defendant by serving Dr. Howard Andrus, the then president and a member of the Board of Education. On April 18, 1973, a complaint was served upon the attorneys for defendant which was returned by reason of lateness on April 23, 1973. On January 18, 1974, plaintiff's attorney served a notice to take the deposition of defendant. This notice was returned on January 21, 1974. On or about January 29, 1974, defendant moved for an order dismissing the complaint for failure to serve a complaint pursuant to the provisions of CPLR 3012 (subd. [b]). In his opposing affidavit, plaintiff's attorney sought leave to serve a complaint. Special Term denied defendant's motion to dismiss on condition that plaintiff serve a complaint within 20 days of the order upon a finding that special circumstances existed in that this was a death action, and dismissal would work a hardship on the widow and family and that there was some confusion as to whether or not the proper persons had been served with the summons to give the court jurisdiction. The only issue presented on this appeal is whether defendant's motion to dismiss the action pursuant to CPLR 3012 (subd. [b]) should have been granted unconditionally. The determination of a motion to dismiss for failure to serve a timely complaint pursuant to CPLR 3012 (subd. [b]) rests in the sound discretion of the court. (*Lehigh Val. R. R. Co.* v. *North Amer. Van Lines,* 25 A D 2d 923.) A denial of such a motion must, however, be based upon a reasonable excuse presented for the delay. (*Fisher* v. *Tier Oil Co.,* 40 A D 2d 930; *Hughes* v. *Seven-Up Bottling Co. of Binghamton,* 39 A D 2d 624.) Here, the possible confusion in the mind of plaintiff's attorney as to whether a proper person had been served does not explain his waiting a year and almost three months after the service of the summons to serve a complaint. The immediate service of the complaint would have cleared up the confusion since defendant, pursuant to CPLR 3211 (subd. [e]), would have been required to respond within 20 days either by motion to dismiss on that ground or by objection in its answer, otherwise the objection would have been waived. The possibility that an opponent may object to the jurisdiction of the court is not, in our opinion, a reasonable excuse for delay in serving a complaint. The order of Special

Term must, therefore, be reversed, and the action dismissed.  Order reversed, on the law and the facts, and complaint dismissed, without costs.  Herlihy, P. J., Staley, Jr., Sweeney, Kane and Reynolds, JJ., concur.